# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-12194-AIH |
| | ) | |
| Stephen A. Thomas, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| _____ | ) | |
| | ) | |
| Daniel M. McDermott, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proceeding No. _____ |
| vs. | ) | |
| | ) | |
| Stephen A. Thomas, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. § 727

The plaintiff Daniel M. McDermott, the United States Trustee for Region 9, (the "Plaintiff") brings this action pursuant to section 727(a) & (c) of Title 11 of the United States Code (the "Code") to deny the chapter 7 discharge of Stephen A. Thomas (the "Defendant"), debtor in underlying bankruptcy case no. 19-12194-(AIH) (the "Underlying Case"), and for such other relief as may be just and proper. In support, Plaintiff states:

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. Pro. 7001 to deny the Defendant's chapter 7 discharge. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. The Plaintiff has standing to be heard pursuant to 11 U.S.C. §§ 307 & 727(c)(1).

1

3. This complaint is timely pursuant to Federal Rules of Bankruptcy Procedure 1017(e)(1) and 4004(b).

4. On April 12, 2019, the Defendant filed a voluntary petition for relief to discharge his debts under chapter 7 of the Code in the Underlying Case (the "Petition Date"). Bankr. Case No. 19-12194-(AIH), Dkt. 1.

5. Along with his petition, the Defendant filed bankruptcy schedules, statements and forms that he signed under penalty of perjury (collectively, the "Schedules"). Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 6, 31, 40, 42, 47, & 48.

6. In particular, the Defendant filed the Official Form 122A-1 *Chapter 7 Statement of Your Current Monthly Income* (the "CMI Disclosure") that he signed under penalty of perjury. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 42.

7. The United States Trustee appointed Virgil E. Brown, Jr. to serve as the Chapter 7 Trustee in the Underlying Case (the "Trustee").

8. On July 1, 2019, the Trustee conducted the section 341 meeting of creditors (the "341 Meeting").

9. During the 341 Meeting, the Defendant acknowledged that he reviewed the Schedules before executing them on the Petition Date and that everything contained therein was true and accurate to the best of his knowledge and did not require amendment.

10. During the meeting of creditors, undersigned counsel asked the Defendant "In the two years prior to filing, did you have any sources of income that were not reported on your Statement of Financial Affairs?" and "So [in] 2017 and 2018, did you have any additional sources of income?" to which the Defendant answered, "No."

11. On his *Statement of Financial Affairs* ("SOFA"), the Defendant responded "yes" to the question "Did you have any income from employment or from operating a business during this

year or the two previous calander years?" and listed his income as follows: $15,628.00 year-to-date in 2019; $35,947.00 in 2018; and $36,521.00 in 2017. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 32-33.

12. The Defendant responded "no" to the question "Did you receive any other income during this year or the two previous calendar years?" Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 33.

13. The Code defines Current Monthly Income ("CMI") as the "average monthly income from all sources that the [Defendant] receives… without regard to whether such income is taxable income, derived during the 6-month period ending on… the last day of the calendar month immediately preceding the date of the commencement of the case […]." 11 U.S.C. § 101(10A).

14. On his calculation of CMI, the Defendant stated that his "gross wages, salary, tips, bonuses, overtime, and commissions" averaged $5,209.00 per month, and that he had no other sources of income. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 41-42. As a result, the Defendant's total calculation of his CMI is $5,209.00, which amount yields an annualized CMI of $62,508.00. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 41-42.

15. On *Schedule I: Your Income*, the Defendant stated under penalty of perjury that he is employed as a Correctional Officer for the Cuyahoga County Sheriff's Office. His "monthly gross wages from salary, and commissions," is $2,784.17, his overtime pay is "$2,411.50" and his "Net income from rental property and from operating a business, profession, or farm" is zero. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 27-28.

16. On information and belief, in the year before filing for bankruptcy, the Defendant operated a business enterprise trafficking illicit drugs, as well as selling vaping equipment, cell phone batteries, and possibly other goods to prisoners incarcerated in correctional institution(s) where the Defendant was employed.

3

17. The Defendant knowingly and fraudulently—or else with a reckless disregard for the truth—asserted that his CMI is $5,209.00. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 41-42.

18. The Defendant knowingly and fraudulently—or else with a reckless disregard for the truth—understated his CMI. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 41-42.

19. The Defendant knowingly and fraudulently—or else with a reckless disregard for the truth—materially understated his monthly income on *Schedule I*. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 27-28.

20. The Defendant knowingly and fraudulently—or else with a reckless disregard for the truth— materially understated his annual income for the years 2018 and 2019 on SOFA. Bankr. Case No. 19-12194-(AIH), Dkt. 1 at 32-33.

21. On information and belief, the Defendant does not maintain ordinary books and records of his business enterprise, such as profit and loss statements or other accounting of his gross revenue and expenses. The Defendant's failure to maintain these records is not justified under the circumstances of the case.

22. On information and belief, the Defendant's 2018 federal tax return ("IRS 1040") discloses no revenue from the sale of goods.

23. On information and belief, the Defendant's IRS 1040 as well as other tax forms prepared for filing with the Internal Revenue Service are falsified documents insofar as the Defendant knowingly and fraudulently prepared and executed forms that failed to disclose his revenue from sales as taxable income. The Defendant's IRS 1040 as well as other tax forms are therefore "falsified… documents" within the meaning of 11 U.S.C. § 727(a)(3).

24. The Defendant's act of knowingly and fraudulently falsifying his IRS 1040 as well as other tax forms, and then presenting those falsified forms to an officer of the estate, is not justified under the circumstances of the case.

## COUNT 1

25. The Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

26. Section 727(a)(3) of the Code provides in applicable part that:

> The court shall grant a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all circumstances of the case.

11 U.S.C. § 727(a)(3)

27. The Defendant's discharge of his debts must be denied because the Defendant has concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Defendant's financial condition or business transactions might be ascertained.

28. The Defendant's act or failure to act is not justified under the circumstances of the case.

## COUNT 2

29. The Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

30. Section 727(a)(4)(A) states in pertinent part:

> The court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

31. In or in connection with the Underlying Case, the Defendant knowingly and fraudulently made one or more false oath(s). In particular, the Defendant knowingly and fraudulently misrepresented his CMI, his monthly income on *Schedule I*, and his annual income

on SOFA, and then gave false testimony about the same at the 341 Meeting.

32. Alternatively, the Defendant made his false oaths with a reckless disregard for the truth. *See* <u>Keeney v. Smith</u> (<u>In re Keeney</u>), 227 F.3d 679, 685-86 (6th Cir. 2000).

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a) & (c), and for such other relief as may be warranted under law and equity.

        Respectfully submitted,

        Daniel M. McDermott
        United States Trustee Region 9

by:    */s/ Scott R. Belhorn*
        Scott R. Belhorn (#0080094)
        Trial Attorney
        Department of Justice
        Office of the U.S. Trustee
        H.M. Metzenbaum U.S. Courthouse
        201 Superior Avenue, Suite 441
        Cleveland, Ohio 44114-1240
        (216) 522-7800 Ext. 260
        (216) 522-7193 (fax)
        scott.r.belhorn@usdoj.gov